IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PRESERVATION WELLNESS TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ATHENAHEALTH, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

For its Complaint, Plaintiff Preservation Wellness Technologies, LLC ("Preservation Wellness"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Preservation Wellness is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 481, Plano, Texas 75093.

2. Upon information and belief, Defendant athenahealth, Inc. ("Defendant" or "athenahealth") is a Delaware corporation with a place of business located at 311 Aresenal Street, Suite 14, Watertown, Massachusetts 02472-2784.

3. Upon information and belief, Defendant has the right to conduct business in Texas and is registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

8. United States Patent No. 7,640,271 (the "'271 Patent"), entitled "System For Maintaining Patient Medical Records for Participating Patients" was duly and lawfully issued by the U.S. Patent and Trademark Office on December 29, 2009. A true and correct copy of the '271 Patent is attached hereto as Exhibit A.

9. The claims of the '271 Patent provide an inventive concept and do not claim an abstract idea. The '271 Patent does more than simply claim the maintenance of health records on a computer that is accessible by secure means and thus does not preempt all ways of maintaining and/or providing access to electronic or paper health records. The '271 Patent provides for a "two way firewall program" that limits a patient's access to certain parts of his or her health information, while allowing the patient's physician to have full access to the entire record, including the physician notes (which can appear on a separate screen or might appear on the same screen as information available to the patient), as well as other patient health information. The use of a "two way firewall program," is an improvement over the prior art, which did not provide for limited patient access using this technological means. Indeed, this feature was specifically called out in the prosecution of the '271 Patent as a distinguishing feature of the invention over the prior art.

10. The claims of the '271 Patent, moreover, do not merely recite the performance of a longstanding business practice on a computer; rather the claims describe a solution necessarily rooted in computer technology to solve a problem specifically arising in the realm of providing selective and secure access to electronic health records (or other confidential information). Specifically, the patent specification explains how the "two-way firewall program" operates in the '271 Patent, which is not in the way a commonly known two-way firewall would work.

11. The dependent claims of the '271 Patent add additional limitations demonstrating that they also contain inventive concepts, are not directed to any abstract ideas, and do no preempt all ways of maintaining health records (electronic or paper). Claim 14, for example, contains specific limitations relating to allowing a physician to override the firewall feature and permit patient access to restricted information for a limited time. As another example, Claim 19 recites specific limitations relating to patient-viewable patient history screens that contain spaces for physician entered notes that do not appear when the patient is viewing the screen.

12. Preservation Wellness is the assignee and owner of the right, title and interest in and to the '271 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,640,271**

13. Preservation Wellness repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents at least claims 1 and 16 of the '271 Patent by making, using, importing, offering for sale, and/or selling

software for providing patients and physicians with access to electronic health records, including, but not limited to athenaClinicals and athenaCommunicator.

15. More specifically and upon information and belief, athenaCommunicator provides patient access and athenaClinicals provides physician access to patient health records; these software systems are maintained on a network that includes a server, a memory, at least one patient computing device and at least one physician computing device; each computing device has a web browser and is capable of connecting with the network; athenaCommunicator is a patient portal that allows access to certain patient electronic health records; athenaClinicals contains a physician portal that provides access to all of the patients electronic health records maintained in the system; and, the server includes a two-way firewall program that prevents patient access to physician-access-only electronic health information, including notes the physician is able to make on the electronic health record via the physician portal, which are not ordinarily visible to the patient due to the two-way firewall.  *See, e.g.,* http://www.athenahealth.com/practice/athenaclinicals/ehr-software-features and http://www.athenahealth.com/practice/athenacommunicator/patient-portal.

16. Preservation Wellness is entitled to recover from Defendant the damages sustained by Preservation Wellness as a result of Defendant's infringement of the '271 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Preservation Wellness hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Preservation Wellness requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '271 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Preservation Wellness for Defendant's past infringement of the '271 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Preservation Wellness's reasonable attorneys' fees; and

D. An award to Preservation Wellness of such further relief at law or in equity as the Court deems just and proper.

Dated:  September 3, 2015         */s/ Andrew W. Spangler*
                                                   Andrew W. Spangler TX SB #24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:  (903) 753-9300
Facsimile:  (903) 553-0403
spangler@spanglerlawpc.com

Nicole D. Galli (PA SB #78420)
Law Offices of N.D. Galli LLC
2 Penn Center Plaza, Suite 910
1500 JFK Blvd
Philadelphia, PA 19102
Telephone:  (215) 525-9580
Facsimile:    (215) 525-9585
ndgalli@ndgallilaw.com

*Attorneys for Plaintiff*
*Preservation Wellness Technologies, LLC*